UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA BOURGEOIS PAYNE | CIVIL ACTION |
| VERSUS | NO. 11-1544 |
| MICHAEL J. ASTRUE, COMMISSIONER<br>SOCIAL SECURITY ADMINISTRATION | SECTION "I" (3) |

REPORT AND RECOMMENDATION

*Pro se* plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.  BACKGROUND

Plaintiff filed an application for disability insurance benefits under Title II of the SSA on May 16, 2008, alleging a period of disability since November 1, 2003. [Adm. Rec. at 85-88]. Plaintiff alleged disability due to depression and "back problems/surgeries." [*Id.* at 93]. Plaintiff was 43 years old at the time of the alleged disability onset date and 49 years old at the time of the final administrative decision. [*Id.* at 85]. Plaintiff has an associates degree in nursing and in

mortuary science and has past work experience as a registered nurse, funeral director, surgery technician and licensed practical nurse. [*Id.* at 17, 26-29, 101].

On June 20, 2008, plaintiff's application was denied at the initial level. [*Id.* at 13]. Plaintiff timely requested an administrative hearing, and on April 24, 2009, Administrative Law Judge ("ALJ") Steven C. Graalman held a hearing. [*Id.* at 20-45]. Plaintiff and her counsel attended the hearing. [*Id.*]. Vocational Expert ("VE") Todd Capilatta also testified at the hearing. [*Id.* at 40-44].

On June 30, 2009, the ALJ rendered an opinion in which he found plaintiff not disabled during the period from November 1, 2003 through December 31, 2006. [*Id.* at 13-19]. The ALJ concluded that plaintiff has the following severe impairments: degenerative disc disease, status-post cervical and lumbar fusions. [*Id.* at 15]. The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work but only in low stress positions with the opportunity to alternate sitting and standing at least once an hour. [*Id.* at 15]. He also concluded that plaintiff can not perform her past relevant work but, relying on the testimony of the VE, determined that she can perform other work existing in significant numbers in the national economy. [*Id.* at 17-18].

Plaintiff timely asked the Appeals Council to review the ALJ's unfavorable decision. [*Id.* at 8]. On November 19, 2010, the Appeals Council denied Plaintiff's request for review. [*Id.* at 3-5]. As a result of the Appeals Council's denial of plaintiff's request for review, the ALJ's June 30, 2009 decision denying plaintiff's claims for benefits became the Commissioner's final decision for purposes of judicial review. Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize

the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.     ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if her physical or mental impairment is so severe that she is unable to do not only her previous work, but cannot, considering her age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if she applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

4

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the

courts, must resolve conflicts in the evidence." *Id*.

## IV.  ISSUES ON APPEAL

Construing *pro se* plaintiff's complaint and memorandum in support of her motion for summary judgment liberally – as the Court must do[1] – there appear to be two issues on appeal:

(1) Whether the Appeals Council erred when it denied review of the ALJ's decision and did not reverse the ALJ's decision after plaintiff submitted additional evidence to it.

(2) Whether counsel for plaintiff at the administrative level provided ineffective assistance.

## V.  ANALYSIS

**1. Whether the Appeals Council erred when it denied review of the ALJ's decision and did not reverse the ALJ's decision after plaintiff submitted additional evidence to it.**

Plaintiff argues that the Appeals Council erred when it denied review of the ALJ's decision after she submitted additional evidence that – she contends – supports her argument that she is disabled. Defendant argues that the denial by the Appeals Council is not reviewable because it is not the final decision of the Commissioner. Citing its own regulations and *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000), defendant contends that when the Appeals Council denies a request for review, the ALJ's decision becomes the Commissioner's final administrative decision and is the only decision reviewable under Section 405(g).

It is well settled law that when the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner and is reviewable by the Court. *Sims*, 530 U.S. 106-07. But that is not the precise issue before the Court, at least as the Court liberally construes

---

[1] *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

6

plaintiff's complaint and memorandum. Plaintiff essentially complains that the Appeals Council should have reversed the ALJ's decision denying her benefits after it had reviewed the supplemental evidence that she submitted to it for the first time on appeal.

The issue thus becomes what constitutes the record on review for purposes of plaintiff's appeal: the ALJ's decision *only* or the ALJ's decision and the supplemental evidence submitted to the Appeals Council when plaintiff appealed.[2] While the circuits are split on this issue, the Fifth Circuit has sided with the Second, Fourth, Eighth, Ninth and Tenth Circuits[3] to hold that "the evidence submitted for the first time to the Appeals Council is part of the record on appeal because the statute itself provides that such record includes the 'evidence upon which the findings and decision complained of are based.'" *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (citing 42 U.S.C. § 405(g)).[4] This Court is in the Fifth Circuit, so its duty is clear. The Court must determine whether the Appeals Council erred by failing to reverse the decision of the ALJ on the basis of the supplemental evidence before it. In other words, the Court must determine whether the ALJ's decision is *still* supported by substantial evidence in light of the supplemental evidence presented to the Appeals Council. *Williams v. Comm'r of Soc. Sec.*, No. 1:07CV643, 2008 WL

---

[2] The Court notes that the Appeals Council added the supplemental evidence to the record. [Adm. Rec. at 6-7].

[3] *See Perez v. Chater*, 77 F.3d 41, 44-45 (2d Cir. 1996); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992); *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

[4] The Third, Eleventh, Sixth and Seventh Circuits take the opposite view. *Matthews v. Apfel*, 239 F.3d 589, 593-94 (3d Cir. 2001); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Eads v. Sec'y of Dep't of Health & Human Servs.*, 983 F.2d 815, 817-18 (7th Cir. 1993).

4335570, *12 (S.D. Miss. Sept. 17, 2008).

As noted above, the ALJ found plaintiff not disabled during the period from November 1, 2003 through December 31, 2006. [*Id.* at 13-19]. He concluded that plaintiff retained the RFC to perform sedentary work but only in low stress positions with the opportunity to alternate sitting and standing at least once an hour. [*Id.* at 15]. He also found that plaintiff's medically-determinable impairments could reasonably be expected to cause her alleged symptoms – *i.e.*, her complaints of pain – but discredited her statements concerning the intensity, persistent and limiting effects of her pain, finding the statements inconsistent with his RFC assessment. [*Id.* at 16].

The Court finds that the supplemental evidence that plaintiff submitted to the Appeals Council – consisting mainly of records from two years of treatment by Dr. Alan Parr – supports the ALJ's conclusions. When plaintiff presented to Parr on April 1, 2004, she stated that she was not disabled. [*Id.* at 582]. She reported that she worked one day a week assisting with surgery. [*Id.*]. She also indicated that pain did not prevent her from working full time, but that, even if she were pain free, she would still not return to work full time. [*Id.*]; *see Fraga v. Bowen*, 810 F.2d 1296, 1305 n.11 (5th Cir. 1987) (noting that the ability to work despite pre-existing condition supports finding of no disability). Plaintiff again reaffirmed that she continued to work at least one day a week at visits to Parr on August 3 and September 2, 2004. [*Id.* at 519, 527].

Parr's medical records quite often reveal that plaintiff's pain improved with treatment. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) ("Pain constitutes a disabling condition when it is "constant, unremitting, and *wholly unresponsive to therapeutic treatment*." (emphasis added)). Parr administered pain treatment injections on April 8, May 3, May 25, September 2 and September

21, 2004, and on February 10, July 8, September 26, October 24 and November 21, 2005, and on January 16, April 3, May 1, October 16 and December 4, 2006, and plaintiff's subjective rating of her pain decreased from the initial pain rating she provided at the beginning of each respective visit. [*Id.* at 317-318, 335, 337, 376, 378, 384, 386, 396, 400, 412, 414, 420, 422, 428, 430, 447, 451, 485, 489, 513, 517, 548, 552, 556, 558 ("The patient's pain score was a 0/10 on discharge.")]. On numerous occasions, plaintiff indicated to Parr that she experienced month-long pain relief or other positive improvement after he had administered the injections. [*Id.* at 362 ("Ms. Payne had good pain relief from the last procedure."), 372 ("She said that it helped and is just wearing off from the last procedure."), 394, 402, 424, 432, 439, 445, 453, 471, 477, 483, 511, 519, 532]. Because plaintiff's subjective complaints of pain improved after Parr had administered the injections, these medical record supports the ALJ's finding that plaintiff's complaints of pain were inconsistent with the objective medical evidence in the record and his RFC assessment.

In addition, many of Parr's records contain objectively normal medical findings. On April 1, 2004, Parr noted that plaintiff could stand and walk normally. [*Id.* at 574]. He noted normal muscle strength and tone in her neck with a full range of motion without pain. [*Id.*]. He also noted normal, painless range of motion in her upper and lower extremities. [*Id.*]. And although he observed pain and a decreased range of motion in plaintiff's spine during that visit, during a subsequent examination of plaintiff on January 10, 2005, he observed normal and painless range of motion in her spine. [*Id.* at 495]. During at least four subsequent visits, plaintiff's normal range of motion without pain in her spine remained the same. [*Id.* at 457, 461, 467, 479].

On numerous occasions, plaintiff self-reported that she remained physically active. On May

9

25, 2004, for example, after she had received treatment from Parr, plaintiff self-reported that she was "more active." [*Id.* at 546]. On July 13, 2004, plaintiff self-reported that she "remain[ed] active and [was] attending physical therapy." [*Id.* at 532]. On August 3, 2004, she further reported that she remained active and worked part time and, on November 21, 2005, that she "stay[ed] active." [*Id.* at 408, 527]. Plaintiff later reported that she "remain[ed] active by swimming, that "[h]er activity ha[d] increased," and that "[h]er activity remained normal." [*Id.* at 316, 362, 366].

All of this objective medical evidence and self-reporting buttresses the ALJ's conclusions. While plaintiff believes "that the lack of medical information provided to the court is the main reason [she] was refused for social security disability," she points to no evidence in the supplemental evidence to support her argument. [Pl.'s Mem. Supp. at p. 4]. Even if there were such evidence, however, it is not the duty of this Court to re-weigh the evidence or substitute its own judgment for that of the Commissioner. *Carey v. Apfel,* 230 F.3d at 135. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *Arkansas*, 503 U.S. at 113. Here, both the original record and the supplemental record supports the ALJ's conclusions. Accordingly, this argument is without merit.

2. **Whether counsel for plaintiff at the administrative level provided ineffective assistance.**

Plaintiff argues that she received ineffective assistance of counsel at her administrative hearing because her attorney failed to acquire Parr's additional medical records in time for the ALJ to consider them. For the following reason, plaintiff's claim fails.

"The Supreme Court has never recognized a constitutional right to counsel in Social Security

proceedings." *Cornett v. Astrue*, 261 Fed. Appx. 644, 651 (5th Cir. 2008 (citing *Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992)); *see also Russell v. Chater*, 62 F.3d 1421, 1995 WL 472681, *2 (8th Cir. 1995) ("Russell's argument that she received ineffective assistance from her retained counsel is not cognizable in this type of action."). In accordance with this law, the Fifth Circuit has summarily dismissed claims for ineffective of assistance of counsel in Social Security proceedings. *Cornett*, 261 Fed. Appx. at 651-52; *Brandyburg*, 959 F.2d at 562. Pursuant to this case law, the Court must dismiss plaintiff's claim for ineffective assistance of counsel.

Even were the Court to conclude that such a claim is cognizable here, the Court would not be able to find – on the record before it – that counsel's performance was ineffective. To satisfy the second prong of a claim for ineffective assistance of counsel, plaintiff must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* Plaintiff can not meet this burden here.

While the Court recognizes that counsel failed to attach Parr's medical records to the evidence before the ALJ, she obtained them later and submitted them to the Appeals Council, who made them a part of the record before it on review. In addition, this Court has reviewed the supplemental evidence and concluded that had the ALJ seen the evidence, he would only have found further support to buttress his conclusions. Plaintiff can not demonstrate a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Accordingly, this claim fails.

## VI. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's complaint be dismissed with prejudice.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of February, 2011.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**